ATL, INC.

v.

The **UNITED STATES.**

No. 442–83C.

United States Claims Court.

Nov. 14, 1984.

Herman M. Braude, Washington, D.C., for plaintiff. Gerson B. Kramer, Douglas L. Patin and Braude, Margulies, Sacks & Rephan, Chartered, Washington, D.C., of counsel.

Helene M. Goldberg, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, for defendant. David M. Cohen, Washington, D.C., Director, of counsel.

## OPINION ON PLAINTIFF'S MOTION TO CONTINUE INJUNCTION

PHILIP R. MILLER, Judge:

On January 6, 1984, the court ruled that the Department of the Navy had not afforded to plaintiff a proper hearing consistent with due process and with Department of Defense regulations on plaintiff's suspension from eligibility to receive government contracts. The court simultaneously issued an order enjoining the Department of the Navy from awarding to anyone other than plaintiff four construction and repair contracts on which plaintiff had been the low bidder, and, in the event any of such contracts had been awarded, enjoining the department from directing or permitting performance of the work to go forward, until plaintiff received a new and proper hearing on its suspension by the Chief of Naval Material. *ATL, Inc. v. United States*, 4 Cl.Ct. 374 (1984). The order stated that (*Id.* at 390):

3. This injunction will automatically expire 5 business days after receipt by plaintiff or its attorney, whichever is

sooner, of the decision of the Chief of Naval Material on plaintiff's suspension after a new and proper hearing in accordance with this opinion.

The order was affirmed by the United States Court of Appeals for the Federal Circuit, with some modification as to what would constitute a fair hearing, on May 25, 1984. *ATL, Inc. v. United States,* 736 F.2d 677 (Fed.Cir.1984); *see also ATL, Inc. v. United States,* 735 F.2d 1343 (Fed.Cir. 1984).

On July 11, 1984, the Navy Department's Debarment Committee held a hearing with respect to the two charges which the Chief of Naval Material had previously held to have been sustained against plaintiff after the defective hearing.

On September 5, 1984, the grand jury for the United States District Court for the District of Hawaii returned a 79 count indictment against plaintiff and its principal officers charging false statements and fraud in connection with the performance of prior government contracts, but not including the contracts or charges which were the basis for the suspension.

On October 12, 1984, plaintiff filed a motion for summary judgment claiming, *inter alia,* that plaintiff's continued suspension was void because the absence of any reference in the September 5 indictment to the charges which were the basis of the suspension indicated both that such charges were not sustainable and that the charges were no longer under investigation. Hence there was no longer any basis for suspension, which under the Department of Defense regulations was limited to the period "pending the completion of investigation or legal proceedings." FAR 9.407–4(b), 48 Fed.Reg. 42151 (1983) (to be codified at 48 C.F.R. § 9.407–4(b)). The motion further contended that the Navy's delay in coming to a decision after the July 11 hearing was unreasonable. The motion requested that the court declare the continued suspension unlawful and void and that plaintiff is entitled to the award of the four contracts.

However, prior to the defendant's response to the motion, on November 2, 1984, the Chief of Naval Material issued a notice to plaintiff stating that, after examining the arguments and evidence in the case, he affirmed his prior finding that "adequate evidence exists to suspend the parties from contracting with any agency in the executive branch of the Federal Government based on the two remaining counts." These consisted of false statements by plaintiff and its principal officers with respect to wages paid its workers in performance of government contracts, and the making of requests for payment of work not done. Accordingly, he affirmed the prior suspension action based on these two counts; but, since it appeared that the investigation with respect to such counts was completed without further legal proceedings thereon, he terminated the original suspension because the Federal Acquisition Regulations provide that suspension is limited to a temporary period pending completion of the investigation and any ensuing legal proceedings. FAR 9.407–4(a), 48 Fed. Reg. 42152 (1983) (to be codified at 48 C.F.R. § 9.407–4(a)).

In addition, the notice stated:

I further suspend you, and ATL, Inc., from contracting with any agency in the executive branch of the Federal Government based on the September 5, 1984, indictments. * * *

FAR 9.407–2(b) provides that an indictment for offenses such as those listed above constitutes adequate evidence for purpose of suspension.

On November 5, 1984, plaintiff filed the instant motion to continue the injunction issued January 6, 1984, in force to preserve the status quo pending the outcome of the plaintiff's motion for summary judgment filed October 12, 1984.

■ The motion is denied, as there is no substantial likelihood that plaintiff will ultimately prevail on that portion of plaintiff's motion for summary judgment which requests equitable relief. There is no show-

ing that the new suspension invoked on November 2, 1984, as a result of plaintiff's indictment on September 5, 1984, is not in accordance with the applicable regulations, which expressly provide that indictment for fraud, false statements or other criminal offense in performing a government contract "constitutes adequate evidence for suspension." FAR § 9.407–2(b), 48 Fed. Reg. 42151 (1983) (to be codified in 48 C.F.R. § 9.407–2(b)). Nor is there any contention that such regulations are invalid. Suspension pursuant to such regulations generally results in the prohibition of any contract award to the suspended party. 10 U.S.C. § 2393 (1982); FAR § 9.405, 48 Fed. Reg. 42149 (1983) (to be codified at 48 C.F.R. § 9.405). Thus, the Navy may not presently award the four contracts to plaintiff, and there is no basis for enjoining the awards to others or preventing them from proceeding on awards already made in order to protect any legal right of plaintiff to such contracts.

■ Plaintiff contends that the original suspension was void after the September 5 indictment disclosed that the investigation on the two original charges was completed and that there would be no ensuing legal proceedings thereon, and, therefore, plaintiff was entitled to the four contracts after September 5. However, the Chief of Naval Material's decision of November 2 established that the two original charges were sustained and sufficient to support the original suspension. Whatever weight there may be to plaintiff's current contention that the July 11, 1984, proceedings did not measure up to the standards for procedural due process required by the Court of Appeals in its opinion of May 25, 1984, or that the determination of the Chief of Naval Material sustaining the two original counts is not supported by substantial evidence, in the light of the renewed suspension on other grounds, plaintiff has no present right to be awarded a government contract and no right to enjoin anyone else from receiving or performing it.